[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14442

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL VARGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:15-cr-00115-SPC-MRM-3

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

This appeal returns to us after a remand to resentence Daniel Vargas based on the miscalculation of his criminal history category as level II instead of level I. *United States v. Vargas*, 792 F. App'x 764, 779 (11th Cir. 2019). On remand, the district court remedied its error and resentenced Vargas to 188 months of imprisonment for conspiring to distribute and for possessing more than 1 kilogram of heroin. 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846; 18 U.S.C. § 2. Vargas argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must "commit[] no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Id.* We will disturb "the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

The government argues that Vargas's challenge to the three-level enhancement of his sentence for his role as a manager of the drug conspiracy, U.S.S.G. § 3B1.1(b), is barred by the law-of-the-case doctrine, but we conclude that he has abandoned the issue. "[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Vargas asserts summarily that the "imposition of a three level increase for [his] role is wholly unsupported by the evidence presented: the record does not reflect the exercise of any independent control, influence, or decision-making authority required to sustain the § 3B1.1(b) enhancement." Due to Vargas's omission of facts, supporting legal authority, or any meaningful discussion of the issue, we deem abandoned his challenge to the three-level enhancement.

Vargas's sentence is procedurally reasonable. The record refutes his argument that the district court failed to consider the statutory sentencing factors, 18 U.S.C. § 3553. The district court referenced section 3553(a) and most of the sentencing factors when rejecting Vargas's request for a downward variance to 120 months and sentencing him within his advisory guideline range of 168 to 210 months of imprisonment. The district court considered Vargas's coconspirators' sentences, Vargas's role as a manager of a "large" drug conspiracy, his responsibility for 1.35 kilograms of heroin, his status as "the third individual in [the] hierarchy . . . [of the] heroin organization," his coordination with his cohorts, his

packaging and transportation of drugs, his drug sales and training other persons to sell, his collection of and sharing in the drug proceeds, and the presence of guns with the illegal substances. The district court also considered that Vargas was an "addict" and had completed a drug and alcohol treatment program. The district court also acknowledged its earlier mistake in miscalculating Vargas's criminal history category and "t[ook] that into consideration" "[i]n fashioning the sentence."

Vargas's sentence is substantively reasonable. The district court reasonably determined that a sentence of 188 months of imprisonment accounted for Vargas's background and provided adequate punishment for his relative culpability in the heroin-trafficking conspiracy. *See id.* And the selection of a sentence less than the statutory maximum of life imprisonment and within Vargas's guideline range suggests that the sentence is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Vargas argues that the reimposition of the same sentence reflects that it is vindictive, but the careful consideration of the sentencing factors by the district court dispels the notion of any vengeance on its part. *See United States v. Fowler*, 749 F.3d 1010, 1019 (11th Cir. 2014). The district court did not abuse its discretion.

We **AFFIRM** Vargas's sentence.